# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2026

Lyle W. Cayce
Clerk

No. 21-30754

RICHARD HERSHEY,

*Plaintiff—Appellant*,

*versus*

CITY OF BOSSIER CITY; BOBBY GILBERT, *Individually and in his Capacity as Deputy Marshal*; DANIEL STOLL; DAVID SMITH; TYSHON HARVEY; EUGENE TUCKER,

*Defendants—Appellees.*

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:21-CV-460

———————————————————————

## PUBLISHED ORDER

The order withholding issuance of the mandate in this appeal is
VACATED.

LYLE W. CAYCE, CLERK
United States Court of Appeals
for the Fifth Circuit
/s/ Lyle W. Cayce

ENTERED AT THE DIRECTION OF THE COURT

JAMES C. HO, *Circuit Judge*, respecting the issuance of the mandate:

Our en banc court has issued a series of regrettable rulings that should deeply trouble every person of faith. *See Morgan v. Swanson*, 659 F.3d 359 (5th Cir. 2011); *Villarreal v. City of Laredo*, 94 F.4th 374 (5th Cir. 2024); *Villarreal v. City of Laredo*, 134 F.4th 273 (5th Cir. 2025). Those rulings disregarded the Supreme Court's precedents in *Hope v. Pelzer*, 536 U.S. 730 (2002), and *Taylor v. Riojas*, 592 U.S. 7 (2020), and instead held that government officials are entitled to qualified immunity—no matter how extreme, egregious, or obvious the violation of religious liberty—unless there is a factually identical decision already on the books establishing the violation. The nation's leading religious liberty organizations have voiced their strong objections to our precedents, and I've expressed my own objections as well. *See*, *e.g.*, *Villarreal*, 94 F.4th at 409 (Ho, J., dissenting); *McMurry v. Weaver*, 142 F.4th 292, 304–07 (5th Cir. 2025) (Ho, J., concurring); *Hershey v. Bossier City*, 156 F.4th 555, 557, 558–60 (5th Cir. 2025) (Ho, J., concurring).

So it was striking when members of the court who voted for these rulings in *Morgan* and *Villarreal* suddenly announced that they would welcome an opportunity to revisit and reconsider those precedents. *See Hershey v. Bossier City*, _ F.4th _, 2025 WL 3684338 (5th Cir. Dec. 18, 2025).

Naturally, Richard Hershey took the en banc dissental at its word, and jumped at the chance to brief the religious liberty and qualified immunity issues that the dissental purportedly invited him to present.

Yet the court today has now denied his request. So we've now declined multiple opportunities to do what was promised. Hershey sought leave to file a petition for rehearing en banc. But that's been denied. Members of the court can also seek rehearing *sua sponte*—as I did. But that was denied, too. *See Hershey v. Bossier City*, _ F.4th _, 2026 WL 98116 (5th Cir. Jan. 13, 2026).

I regret that things have come to this.  The judiciary possesses neither the sword nor the purse.  All we have is our word.